Garrett Charity, Esq.
Garrett.Charity@mccarthylawyer.com
McCarthy Law PLC
9200 E Pima Center Pkwy, Suite 300
Scottsdale, AZ 85258
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kenna Ballew,<br><br>Plaintiff,<br><br>v.<br><br>Sherwood Management Co., Inc. dba Daniel's Jewelers; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Kern County, CA.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Sherwood Management Co., Inc. dba Daniel's Jewelers is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

12. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Within the past few years, Plaintiff became a victim of identity theft.

14. Plaintiff's personal information was stolen and used without her knowledge to open credit accounts in her name without her knowledge and make charges without her authorization.

15. These accounts include one reported on her credit reports by Daniel's.

16. The tradeline displays a balance owed and other negative credit information.

17. Plaintiff has no knowledge of this account and believes it is the result of identity theft.

18. The false information appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

19. The errors appearing on Plaintiff's credit reports have made it difficult to obtain credit at all, or on favorable terms.

20. Equifax, Experian, and TransUnion published the false information to third parties.

21. Plaintiff has lost time and incurred expense working to resolve the adverse information to prevent further harm.

22. Plaintiff filed an identity theft report with the FTC concerning this account, and others.

## WRITTEN DISPUTE

23. On or about March 17, 2026, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate information reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

24. Equifax, Experian, and TransUnion forwarded Plaintiff's dispute to Daniel's for reinvestigation.

25. Daniel's received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

26. Daniel's failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

27. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

28. Daniel's failed to instruct Equifax, Experian, and TransUnion to correct the false information reporting on Plaintiff's consumer report.

29. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

30. Equifax, Experian, and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

31. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## **COUNT I – Daniel's**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

32. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33. After receiving Plaintiff's dispute, Daniel's failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

34. Daniel's violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

35. As a result of this conduct, action, and inaction of Daniel's, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. Daniel's's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

37. In the alternative, Daniel's was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Daniel's pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

41. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

42. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, Equifax, Experian, and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III – Equifax, Experian, and TransUnion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

46. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

48. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

49. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Equifax, Experian, and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: July 15, 2026

/s/Garrett Charity
Garrett Charity, Esq.
McCarthy Law, PLC
9200 E Pima Center Pkwy, Suite 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff